THE ATTORNEY GENERAL
OF TEXAS
AUSTIN, TEXAS 78711
ATTORNEY GENERAL



February 25, 1972

Honorable Howard Traweek
County Attorney
Motley County Courthouse
Matador, Texas 79244

Dear Mr. Traweek:

Opinion No. M- 1078

Re: Whether a proposed election
for consolidation of school
districts would be in viola-
tion of Sec. 19.234, subd.
(b), Texas Education Code.

In your recent letter you set out the following
factual situation:

"An election was held on July 10, 1971,
to determine whether the Turkey Independent
School District, the Quitaque Independent
School District, and the Flomot Independent
School District should be consolidated. The
proposal for consolidation carried by a ma-
jority vote in the Turkey Independent School
District and in the Quitaque Independent
School District, but was defeated in the
Flomot Independent School District.

"Subsequently, on September 4, 1971,
another election was held in the Turkey Inde-
pendent School District and the Quitaque Inde-
pendent School District on a proposal for con-
solidation of these two districts and the
proposal carried by a majority of the votes
cast in each of said districts. Since the
date of this election the Turkey Independent
School District and the Quitaque Independent
School District have been consolidated into
the present Turkey and Quitaque Consolidated
Independent School District.

"On December 6, 1971, petitions were filed with the County Judges of Hall, Briscoe, Motley and Floyd Counties asking that an election be called to vote on the proposal to consolidate the Flomot Independent School District and the Turkey and Quitaque Consolidated Independent School District. These petitions present the question as to whether the requested election would be in violation of that portion of Section 19.234 (b) Texas Education Code which is quoted above."

You have requested the opinion of this department on the applicability to this situation of Section 19.234 (b) of the Texas Education Code. That section reads in part as follows:

". . . If less than a majority of the votes cast in any one of the districts is in favor of the consolidation, then another election involving the same consolidation proposal may not be held until at least one year has elapsed since the date of the election."

We are of the opinion that an election may not lawfully be held in response to the petitions filed on December 6th.

We think the language of Section 19.234 (b) is clear, viz.: Voters who oppose a proposed consolidation, and prevail at an election, may not have the same consolidation proposal imposed upon them for at least one year.

While in form the proposition contemplated by the petitions filed December 6, 1971, would differ from that defeated on July 10, 1971, nevertheless, if consolidation were approved at an election called in response to the petition of December 6th, the result would be the same as if the proposition had carried in all districts on July 10th.

We have concluded that in substance the proposed consolidation question is the same as was previously defeated.  The land involved and the people on that land would be the same.  The Legislature clearly intended to uphold those who successfully opposed such a proposed consolidation for at least one year.

Attorney General's Opinion No. O-5958 (1944) was concerned with Article 2815, Vernon's Civil Statutes, which provided for dissolution of consolidated school districts. The statute included the following language:

"No election for the dissolution of said consolidated districts shall be held until three (3) years have elapsed after the date of the election at which such districts were consolidated."

The opinion includes the following language:

"However, the statute imposes a condition precedent to the calling of the election when it says '. . . if three (3) years have not elapsed after the date of the election at which such districts were consolidated.' We believe that the passage of this three year period is a necessary condition which must exist before the voters can lawfully exercise the authority conferred by the statute."

You have also inquired whether under the given fact situation it is within the discretion of the county judge to refuse to order the election requested in the petitions filed December 6th.  In view of the foregoing discussion, we hold that the county judge has no authority to order the election requested in the petition filed December 6th.

S U M M A R Y

Where three school districts vote on consolidation under Article 19.234 (b) of the Education Code, and the proposition fails in the third district, but the first two subsequently consolidate, an election may not lawfully be held within one year of the first election on the proposition of consolidating the third district with the consolidated district.

When a proposal to consolidate school districts has been defeated at an election, a county judge is without authority to order another election to be held within one year of the first election on a proposal to consolidate the same territory.

Respectfully submitted,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by James S. Swearingen
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Ralph Rash
Robert Owen
Houghten Brownlee
Arthur Sandlin

SAMUEL D. MCDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant